Minshall, O. J.
The plaintiff below brought suit against the railroad company to recover damages for killing two, and injuring another, of her cows whilst on its track. . She averred that the injury occurred without fault on her part, by reason of the negligence of the defendant in not fencing its track, as required by law, where the cows got on the road, and that they were killed by the negligence of the defendant in running and operating one of its trains. The defendant interposed three defenses. The first was a general denial. In the second it averred that at the time named in the petition when the cattle were injured, they were running at large in the public highways, and on uninclosed land along and adjoining the track of the railroad, and had been so running at large for several days, and that they were not upon the land of the plaintiff, or in any field or inclosure owned or occupied by her, and while so at large strayed upon the railroad track and were injured. In the third it *433 averred that in the grant of the right-of-way through the lands at the place where the cattle wandered upon the railroad track at the time named in the petition, the owner and grantor of the right-of-way agreed to build and keep in repair fences on both sides of the railroad track, and such agreement of the owner and grantor was taken into account, and compensation therefor .allowed and estimated as a part of the consideration paid by the company for the right-of-way ; and denied any negligence in running the train by which the animals were killed.
The plaintiff demurred to the third defense, and replied to the second, denying its averments. The demurrer having been sustained and excepted to by the defendant, the case was tried to a jury upon the issues of fact. They found for the plaintiff, and a motion for a new trial having been made and overruled, judgment was entered upon the verdict, which was affirmed by the circuit court.
There are a number of assignments of error, but the prin cipal one to be considered is presented by the ruling upon the demurrer to the third defense.
The principal ground upon which the liability of the defendant is placed by the petition is, its omission to fence its track as required by section 3324, Revised Statutes, at the point where the cows got upon the track of the company. Under this statute, if applicable to the case, the company would have been liable to the plaintiff for the injury to her cows, irrespective of any care used by the company in running and operating the train that caused the injury. But it is provided in the first clause of section 3329, Revised Statutes, that “The provisions of the five preceding sections relating to fences and private crossings shall not apply to any case in which compensation for building a fence or private crossing has been or may hereafter be taken into consideration, and estimated as a part of the consideration to be paid for the right-of-way, so far as the fence, or right to private crossings, has been or may be settled or paid for.” By the averments of the third defense, the company brought itself within the language of this clause, and having denied any negligence in running and *434 operating the train that caused the injury, we fail to perceive why it does not constitute a har to the action of the plaintiff. Prior to this statute, a railroad company was not bound to fence its track, it was only required to use ordinary care and prudence to avoid injury to stock that might get upon it. Kerwhacker v. Railroad Company, 3 Ohio St. 172. Therefore, as the statute requiring railroad companies to fence their tracks did not apply to this company at the point where, as alleged, the cows got on the track, it was not, in the absence of negligence in running the train, liable to her for the injury to them.
The demurrer seems to have been- sustained upon the decisions in Gill v. Railway Company, 27 Ohio St. 240, and Railway Company v. Allen, 40 Ohio St. 206. The first decision was made before the act of 1874 was adopted, by which the clause above referred to was first introduced. The statute of 1859 which first imposed the duty upon railroad companies to fence their tracks, and made them liable for injuries resulting from a failure to do so, simply provided, as does the second clause in section 3329 Revised Statutes, that its provisions should not “ be held to affect, in any manner, any contract or agreement between a railroad company.....and the proprietors or occupants of lands adjoining, for the construction and maintenance of fences,” etc. It will be observed that this clause does not provide that when the company has a contract with an adjoining landowner by which he is bound to fence for the company, that the statute shall not apply, as does the first clause of the section — its effect is simply to preserve the obligation of the contract as between the parties, without in any way relieving the company from the consequences of a failure to build and maintain the fences» When a company contracts with a landowner to build fences, that it is required by law to build itself, such contractor is regarded as its agent and the company is liable for its omissions, as it is for the neglect of any other employee or agent of its own. This is the principle upon which the above cases were decided. Thus, in Gill v. Railroad Company, Graham, an adjoining landowner, had agreed with the company to fence the track *435 through his own land; the fence was hot sufficient, by reason of which Gill’s stock, through no fault of his own,, got upon the company’s ti;ack and were killed. The company was held liable for the fault of Graham, for as the court say, “it is not otherwise than if the company had employed any other person upon contract to fence, or if the fence were built by their regular employees.” The case of Railway Company v. Allen arose after the amendment of 1874. But it will be found on examination that the case came within the second, and not within the first, clause of the section in which the amendment is incorporated. The Dayton & South-Eastern Railroad Company in acquiring a part of its right-of-way oyer that of the defendant company, had agreed to keep a fence between its road and that of the defendant; and the stock of the plaintiff, without his fault, got upon the track of the defendant through this fence, which was out of repair. The court held that it was the statutory duty of the company to fence at the point where the stock got on its track, and that it could not avoid its duty in this regard by devolving it upon another. It was not a case where the defendant did, or could, aver that compensation for building the fence had been taken into account and estimated as a part of the consideration to be paid the landowner for its right-of-way at the point where the stock got on the track. At the time the agreement was made it was not acquiring but parting with a part of its own right-of-way.
Sustaining the demurrer necessarily worked substantial prejudice to the company; for if the cattle got upon the track at a point where the road was. unfenced, the jury could, and may, under the charge of the court, have found for the plaintiff, however careful the agents of the company may have been to avoid injuring them. It may be that the above construction is contrary to what was the intention of the legislature in adopting the amendment of 1874. If this be so, it cannot, in this case, be helped by construction. We fully recognize the duty of courts to give effect to the intention of the legislature in all cases where it can be done by giving effect to the language employed. Most words have many and varied *436 meanings; and, in which, of its many senses a word is used, in a particular instance, may be determined from a consideration of the context, the general purpose of the act and the circumstances that may have called for legislation. But it is contrary to all rules of construction to give an affirmative sense to a negative expression, because no word or phrase can be said to have both an affirmative and a negative meaning. Hence the language of the above clause, that the provisions of the statute requiring railroad companies to fence their tracks, “ shall not apply ” to a given class of cases, cannot be construed into. “ shall apply.”
The legislature may have been surprised into the adoption of this clause in the form of a universal negative: It may have intended to do no more than to bring such cases within the provisions of the second clause, and to say that in the cases provided for in the first clause, the previous sections should not affect the obligation of the parties — the grantor of the right-of-way and the company — as between themselves, without relieving the company of the duty, as between it and third persons, of seeing that the fences were built according to the terms of the agreement. If this be so, then the legislature should supply the remedy by amending the law.
It is also claimed by the plaintiff in error that the proof showed that the cows were running at large by the sufferance of the plaintiff below, at the time they got upon the track and were injured, and that, for this reason, the judgment should be reversed. It is well settled by the decisions of this court, that when the owner suffers his stock to run at large contrary to the statutes of the state, he cannot recover if they stray upon the track of a railroad company and are killed, although they may have done so by reason of the track not being fenced as required by law; for the reason that in such case both parties are regarded as wrong-doers, and neither can recover for injury resulting from the unlawful act of the other. Railroad v. Methven, 21 Ohio St. 586. It was admitted that the cows were at large; and, whilst this is prima fade evidence that they were at large by the sufferance or fault of the owner, it is not conclusive. The owner may still *437 show that it was without fault on his part. This the plaintiff undertook to do, and whilst the evidence offered was not of the most satisfactory character, still the court would hardly be warranted in saying that there was no evidence tending to overcome the presumption arising from their being at large. Judgment reversed and cause remanded for further proceedings.